PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LARRY DON BURTON, | ) |
| | ) CASE NO. 5:17CV975 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| NANCY A. BERRYHILL, | ) |
| DEPUTY COMMISSIONER | ) |
| FOR OPERATIONS, | ) |
| Performing duties and functions not reserved | ) |
| to the Commissioner of Social Security, | ) |
| | ) **MEMORANDUM OF OPINION &** |
| Defendant. | ) **ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Larry Don Burton's application for Supplemental Security Income after a hearing. That decision become the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. Plaintiff sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge William H. Baughman, Jr. for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge issued a report recommending (ECF No. 20) that the decision of the Commissioner denying Plaintiff supplemental security income be reversed and remanded for clarification. Defendant objected (ECF No. 21), and Plaintiff filed a response in opposition to

(5:17CV975)

the objection (ECF No. 22). For the reasons that follow, the Court overrules Defendant's objection and adopts the Report and Recommendation of the magistrate judge.

**I. Standard of Review**

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.* (citing *United States v. Walters*, 638 F.2d 947, 949 50 (6th Cir. 1981)).

Accordingly, the Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

(5:17CV975)

## II. Discussion

Defendant objects that "the Report and Recommendation reads ambiguity into the vocational expert's testimony where none exists." ECF No. 21 at PageID #: 590. It contends that the vocational expert's ("VE") testimony properly accounted for Plaintiff having to elevate his leg on a stool, and thus, he would accommodate this need. Id. at PageID #: 591. Defendant asserts that the Report and Recommendation incorrectly interjects two points into the analysis that the ALJ did not consider: (1) that Plaintiff's need to elevate his leg may eliminate some of the jobs in the national economy that the VE testified Plaintiff would otherwise be able to perform; and (2) that Plaintiff may need to be able to twist to perform his work, which also may eliminate some of the jobs Plaintiff could otherwise perform. Id. at PageID #: 591-92.

In response, Plaintiff argues that the VE's testimony was ambiguous, because theVE could not determine the effect the need to elevate Plaintiff's leg had on the amount of suitable jobs in the workforce. ECF No. 22 at PageID #: 595. Plaintiff reasons that the expert's inability to estimate the effect of this accommodation renders the ALJ unable to determine step five of the sequential evaluation process. Id. at PageID #: 596-97.

Defendant's objection is not well-taken. The issues of leg elevation and twisting arose during questioning of the VE by Plaintiff's counsel. The magistrate judge interpreted the result of that line of question to be clarifying, rather than introducing a new hypothetical. ECF No. 20 at PageID #: 587-88. Without support for its characterization, Defendant contends the line of questioning was an alternative hypothetical and that the VE based his opinion on all limitations properly found. This viewpoint is not supported by the record.

3

(5:17CV975)

The VE testified that he could not account for jobs in which Plaintiff could not fit his leg under the work station or would have to twist in his chair to complete his work. Indeed, the VE testified that office environments vary in structure, and he "wouldn't even try to estimate" the impact those varied environments would have on the number of jobs available to Plaintiff.[1] ECF No. 10 at PageID #: 124-25.

The Sixth Circuit has held that "for a vocational expert's testimony to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." Ealy v. Commissioner of Social Sec., 594 F.3d 504, 516 (6th Cir. 2010). When a VE fails to "testify without qualification about the jobs a claimant can perform," it is improper for the ALJ to rely on the VE's opinion. Young v. Apfel, 40 F.App'x. 157, 163 (6th Cir. 2002). The VE himself admitted that his estimate of the number of jobs available to Plaintiff did not fully take into account some of Plaintiff's physical limitations. Therefore, it was improper for the ALJ to rely on the VE's opinion that there were jobs in the national economy that Plaintiff could perform. Cf. Frommel v. Commissioner of Social Security, No. 1:14CV522, 2015 WL 3970147, at *3-5 (S.D.Ohio Jun. 10, 2015) (recommending remand when VE did not consider plaintiff's need to use an oxygen tank when determining what jobs the plaintiff could work).

---

[1] Defendant contends that the VE testified that the amount of jobs available to Plaintiff would not be significantly reduced by a requirement that Plaintiff keep his leg elevated to stay parallel to the ground. Although the VE originally testified to this, Plaintiff's counsel's clarifying questions revealed that the VE had not fully considered the impact of the raised leg. Based on that view, Plaintiff counsel's questions did not add new limitations; they merely clarified the current limitations, and, in doing so, magnified a hole in the VE's analysis.

(5:17CV975)

## III. Conclusion

For the foregoing reasons, Plaintiff's Objection (ECF No. 21) is overruled. The Report and Recommendation (ECF No. 20) is adopted. The decision of the Commissioner is reversed, and the case is remanded.


IT IS SO ORDERED.


| | |
|---|---|
| August 30, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |